IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| TERRY J. COLLEY, | : | CIVIL ACTION NO. |
| BOP Reg. # 45043-019, | : | 2:15-CV-50-RWS-JCF |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 2:94-CR-7-RWS-JCF-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Movant, a federal prisoner currently confined at the United States Penitentiary in Atlanta, Georgia, seeks to amend his original 28 U.S.C. § 2255 motion, filed in June 1998, to challenge his judgment of conviction in this Court. (Doc. 101). Rule 4 of the Rules Governing Section 2255 Proceedings provides: "If it plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Because it plainly appears that Movant's motion to amend is in fact an impermissible second or successive § 2255 motion, the undersigned **RECOMMENDS** that it be **DISMISSED**.

**I.    Background**

"On January 9, 1995, [Movant] was found guilty of three counts of armed bank

robbery, three counts of using a firearm during a violent crime, and one count of bank robbery. . . . [T]his Court sentenced [him] to 720 months of imprisonment. His appeal was denied on February 26, 1997." (Doc. 82 at 2 (citations omitted)).

### A. Motion For Leave To File Second Or Successive § 2255 Motion

Movant filed his original § 2255 motion in June 1998. (Doc. 34). After it was denied (Doc. 41) and Movant was denied a certificate of appealability ("COA") (Docs. 44, 47), he sought leave from the Eleventh Circuit to file a second or successive § 2255 motion, which that court denied in January 2005 (Doc. 48). The court noted that one of Movant's claims, allegedly based on newly discovered evidence, was that "his counsel was ineffective by failing to inform him that the government had offered him a plea bargain. [Movant] claims that he discovered this fact in 2004 when he obtained a copy of a motion for continuance which his attorney filed in order to pursue plea negotiations." (*Id.* at 2).

### B. First Motion To Amend Movant's § 2255 Motion

In October 2007, Movant moved to amend his § 2255 motion because his "right to effective assistance of counsel was violated when counsel failed to inform [him] of a plea offer made in 1994 by the government prior to trial." (Doc. 49 at 1). This Court denied that motion as "simply an effort to thwart the requirement of [28 U.S.C. §] 2244

2

that a defendant must get permission from the Court of Appeals before filing a successive section 2255 motion." (Doc. 53 at 2 (denying Movant's "motion to amend his earlier section 2255 motion and his motion that this court apply the relation back doctrine" under FED. R. CIV. P. 15(c))).

### C. Federal Rule of Civil Procedure 60(b)(6) Motion

In February 2012, Movant filed a FED. R. CIV. P. 60(b)(6) motion, asking the Court to construe his original ground one § 2255 claim as a claim that "but for counsel's deficient performance during plea negotiations[,] the outcome of the proceedings would have been different and [he] would have accepted a plea agreement by the government and pled guilty in this case." (Doc. 76 at 8). Movant argued that the Court had misconstrued his original ground one claim as alleging that he was incompetent to stand trial, not as alleging, as it did, ineffective assistance of counsel for not allowing him to accept the government's plea offer, which he would have done. (*Id.* at 6). Movant characterized this Court's failure to address the merits of this aspect of his ground one claim as a "defect" in his original § 2255 proceedings that is amenable to correction via a Rule 60(b)(6) motion. (*Id.* at 5, 10, 12).

The government responded to Movant's Rule 60(b)(6) motion by noting the following background:

3

> In his first § 2255 motion, [Movant] argued that his trial counsel was ineffective because he failed to request a psychological evaluation prior to trial in order to determine [Movant's] competency. (Doc. 34 at 1). [He] makes the same argument in [his] Rule 60(b)(6) motion. (Doc. 76 at 5). In the original [§ 2255 motion, he] based this claim on both a letter he had written to counsel that alleged he had "psychological problems connect[ed] to heavy 'crack' cocaine use and alcohol abuse," and [his] own statements that he did not understand the proceedings. (Doc. 34 at 1). [He] claimed that if his counsel had requested a psychological evaluation, the evaluation would have shown that [he] was incapable of understanding the charges against him, and that if [he] had understood the charges, he would have pleaded guilty instead of going to trial. (*Id.* at 2). In response to [that] argument, this Court held that "[o]ne self-serving statement absent any other evidence in support of a claim for incompetency is not sufficient to create a real, substantial, and legitimate doubt as to a defendant's mental capacity," and found that counsel was not ineffective. (Doc. 41 at 5).

(Doc. 82 at 3-4 (footnote omitted)). This Court dismissed Movant's Rule 60(b)(6) motion for lack of jurisdiction because it was in effect a second or successive § 2255 motion filed without obtaining leave from the Eleventh Circuit to do so. (Doc. 85 at 1 ("On all points, the court agrees with the government and dismisses [Movant's] current motion [due to] . . . lack of jurisdiction to hear [his] successive § 2255 claim.")).

## II.  **Movant's Current Motion To Amend**

Movant seeks once again to amend his first ground for relief in his original § 2255 motion, to add a claim that his trial counsel provided ineffective assistance by

4

not informing him of a pre-trial plea offer from the government, which offer he definitely would have accepted had he known about it. (Doc. 101 at 2-3, 6-7). Movant argues that this new claim relates back under FED. R. CIV. P. 15(c)(2) to his original § 2255 motion. (*Id.* at 2, 5-6).

But a federal prisoner whose prior § 2255 motion was denied on the merits may not pursue relief under § 2255 again in a federal district court without first obtaining authorization from the appropriate court of appeals. *See* 28 U.S.C. §§ 2244(b), 2255(h); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999) (noting that when prior habeas petition has been dismissed with prejudice, subsequent petition is second or successive);[1] *see also Brown v. United States*, 569 Fed. Appx. 738, 738-39 (11th Cir. 2014) (affirming dismissal of federal prisoner's FED. R. CIV. P. 15(c) motion to amend his original § 2255 motion: "the district court correctly looked beyond the label attached to [the] motion and construed it as, in substance, a successive § 2255 motion because [the prisoner had] already filed five prior collateral attacks on his conviction [and] was attempting to raise substantive claims for relief from his sentence"); *Murphy*

---

[1] *See Campbell v. Sec'y for the Dep't of Corr.*, 370 Fed. Appx. 5, 8 n.2 (11th Cir. 2010) (same). For most purposes, including this one, courts in this Circuit apply the same standards to both § 2254 habeas petitions and § 2255 motions to vacate. *See Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) (noting that "principles developed in habeas cases also apply to § 2255 motions"); *see also Galatolo v. United States*, 394 Fed. Appx. 670, 672 n.1 (11th Cir. 2010) (same, citing *Gay*).

*v. United States*, 438 Fed. Appx. 818, 819-20 (11th Cir. 2011) (affirming dismissal of federal prisoner's "motion to reopen and amend his previously denied [§ 2255] motion to vacate . . . . because [the prisoner] had filed a previous § 2255 motion that had been dismissed on the merits and had not obtained authorization from [the Eleventh Circuit] to file a second or successive § 2255 motion" (internal quotations omitted)).

Movant's current motion to amend is an attempt to raise a new substantive claim challenging his judgment of conviction or, alternatively, an attempt to relitigate an old claim. Either way, Movant must first obtain leave from the Eleventh Circuit to do so. But there is no indication in the record that he has obtained the required authorization to file a second or successive § 2255 motion. For the same reason, therefore, that all of his previous attempts to re-open his § 2255 motion for further review on the merits have been dismissed, Movant's motion to amend is to be construed as an impermissible second or successive § 2255 motion and dismissed for lack of jurisdiction. *See* 28 U.S.C. §§ 2244(b), 2255(h); *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

### III. Certificate Of Appealability

A federal prisoner must obtain a COA before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only

when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Movant has not made the requisite showing, a certificate of appealability should not issue in this matter.

## IV.  Conclusion

**IT IS RECOMMENDED** that Movant's motion to amend his original § 2255 motion (Doc. 101), construed as a second or successive motion to vacate his sentence, filed without obtaining leave from the Eleventh Circuit to do so, be **DISMISSED** under Rule 4 of the Rules Governing § 2255 Proceedings for lack of jurisdiction, and that Movant be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 23rd day of March, 2015.

> /s/ *J. CLAY FULLER*
> J. CLAY FULLER
> United States Magistrate Judge

AO 72A
(Rev.8/82)