IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| TERRY J. COLLEY, | : | CIVIL ACTION NO. |
| BOP Reg. # 45043-019, | : | 2:15-CV-50-RWS |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 2:94-CR-7-RWS-JCF-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

## **ORDER**

Movant, a federal prisoner, has filed a Motion to Amend ("Motion"), seeking to amend his June 1998 motion to vacate, 28 U.S.C. § 2255, to claim that in denying his § 2255 motion, this Court failed to address both prongs of ground one of that motion.  (Doc. 101).  The Magistrate Judge's Final Report and Recommendation ("Report") recommends denying the Motion as a successive § 2255 motion, filed without leave from the Eleventh Circuit.  (Doc. 103).  Movant objects.  (Doc. 105).

Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court has conducted a *de novo* review of those portions of the Report to which Movant objects, and has reviewed the remainder of the Report for plain error.  *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

**I.     The Report**

Movant was convicted in 1995 on charges of armed bank robbery and related crimes, and he received a 720-month term of imprisonment. (Report at 1-2). The Report notes the following procedural history:

> Movant filed his original § 2255 motion in June 1998. After it was denied . . ., he sought leave from the Eleventh Circuit to file a second or successive § 2255 motion, which that court denied in January 2005. The court noted that one of Movant's claims, allegedly based on newly discovered evidence, was that "his counsel was ineffective by failing to inform him that the government had offered him a plea bargain. [Movant] claims that he discovered this fact in 2004 when he obtained a copy of a motion for continuance which his attorney filed in order to pursue plea negotiations."
>
> In October 2007, Movant moved to amend his § 2255 motion because his "right to effective assistance of counsel was violated when counsel failed to inform [him] of a plea offer made in 1994 by the government prior to trial." This Court denied that motion as "simply an effort to thwart the requirement of [28 U.S.C. §] 2244 that a defendant must get permission from the Court of Appeals before filing a successive section 2255 motion.". . .
>
> In February 2012, Movant filed a FED. R. CIV. P. 60(b)(6) motion, asking the Court to construe his original ground one § 2255 claim as a claim that "but for counsel's deficient performance during plea negotiations[,] the outcome of the proceedings would have been different and [he] would have accepted a plea agreement by the government and pled guilty in this case." Movant argued that the Court had misconstrued his original ground one claim as alleging that he was incompetent to stand trial, not as alleging, as it did, ineffective assistance of counsel for not allowing him to accept the government's plea offer, which he would have

done.  Movant characterized this Court's failure to address the merits of this aspect of his ground one claim as a "defect" in his original § 2255 proceedings that is amenable to correction via a Rule 60(b)(6) motion.

(*Id.* at 2-3 (citations omitted; formatting altered); *see id.* at 4 ("This Court dismissed Movant's Rule 60(b)(6) motion for lack of jurisdiction because it was in effect a second or successive § 2255 motion filed without obtaining leave from the Eleventh Circuit to do so.")).

The Report recommends dismissal of Movant's Motion to Amend because it "is an attempt to raise a new substantive claim challenging his judgment of conviction or, alternatively, an attempt to relitigate an old claim.  Either way, Movant must first obtain leave from the Eleventh Circuit to do so.  But there is no indication in the record that he has obtained the required authorization to file a second or successive § 2255 motion."  (*Id.* at 6).

## II. <u>Movant's Objections</u>

Movant objects that the Report mischaracterizes his 2004 motion seeking leave from the Eleventh Circuit to file a successive § 2255 motion.  (Doc. 105 at 1-2).  He asserts that he did not raise in that motion a new claim based on newly discovered evidence, but rather he was attempting to revive a "claim [that] originated in ground one of [his] timely filed 2255 motion in 1998."  (*Id.* at 2).  Movant states that the

3

Eleventh Circuit rejected his 2004 motion because he "was seeking [his] resentencing, rather than [claiming that he is] actually innocent of the crime." (*Id.*).

Movant now asserts not that he is actually innocent of his crimes of conviction, but rather that he is "actually innocent" of rejecting a 17-year plea offer from the government. (*Id.*). He asserts that he can show that he was in state prison between September 21 and November 21, 1994, and he "did not know federal plea negotiations were commenced and concluded with submissions to the District Court" stating that he rejected the offer. (*Id.*). He contends:

> I am actually innocent of such decisions allegedly made by me. I had already alleged in my 2255 motion, inside ground one, that my trial counsel 'forced my case to trial, without obtaining a plea offer,' [which] was my attempt to demonstrate actual innocence between September 21, 1994 and November 21, 1994 [] because I was never informed that a plea offer had existed.

(*Id.* (citing Doc. 15 (Sept. 21, 1994 Motion for Continuance of Trial Date, to allow trial counsel to pursue plea negotiations with the government); Doc. 16 (Nov. 21, 1994 Supplement to that motion, stating: "During the late afternoon of November 15, 1994, [Movant] informed undersigned counsel that [he] would not accept the proposed plea agreement offered by government counsel." (*id.* at 2)))).

4

Movant claims that he discovered Documents 15 and 16 in 2004, which led him to seek leave from the Eleventh Circuit to file a successive § 2255 motion "because [he] was actually innocent of what [he] discovered [his] trial counsel had stated [he] did during federal plea negotiations[, which he] can prove [he] had absolutely no knowledge of, let alone participated in." (*Id.* at 2-3). These documents, he asserts, were "newly discovered evidence that [he is] actually innocent of." (*Id.* at 3).

Movant also asserts that had he known of the existence of these documents in 1998, he would have used them to support ground one of his § 2255 motion, which he contends can be bifurcated into two claims, only one of which this Court addressed in denying him relief, in violation of *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (*en banc*). (*Id.* at 3-4). He argues, therefore, that his unaddressed ground one claim for relief in his original § 2255 motion is still pending before this Court, and his current Motion properly relates back to that ground one claim under Federal Rule of Civil Procedure 15(c)(2). (*Id.* at 4-5).

Movant contends that in ground one of his § 2255 motion, he does "allege substantive claims surrounding [the] 1994 Guilty Plea Proceedings, although [he] was missing 'critical facts' that came in 2004, but nevertheless were case operative facts to [his] original claim in ground one." (*Id.* at 5-6). He asserts that he "honestly would

5

have accepted a guilty plea offer in this case if one would have been presented to [him], rather than the District Court accepting [his] trial counsel's self-serving statement that [he] wanted to go to trial." (*Id.* at 7).[1]

### III. Discussion

For the reasons stated in the Report, the Court agrees with the conclusion that Movant may not invoke Fed. R. Civ. P. 15 to revive his allegedly unaddressed ground one claim without first obtaining permission from the Eleventh Circuit to file a successive § 2255 motion. (*See* Report at 5-6). Also unpersuasive is Movant's argument that this Court previously failed to address all aspects of ground one of his § 2255 motion.

In that ground, Movant claimed that he "was denied effective assistance of counsel in that trial counsel failed to request the Court to order . . . psychological evaluation testing prior to a trial . . . to determine [his] competency" because he "lacked sufficient ability to consult with counsel in a reasonable degree or rational or factual understanding of [the] proceedings." (Doc. 34 at 6). Movant asserted that trial

---

[1] In the remainder of his objections, Movant in effect throws himself on the mercy of the Court, stating that he does "not want to die in prison," which he likely will do during the course of his 60-year sentence. (*Id.* at 7; *see id.* at 6-8). Movant notes that he has "not taken human life from anyone" (*id.* at 7), although, apparently, he did threaten to take the life of a potential trial witness against him, for which he received a sentencing enhancement for obstruction of justice, affirmed by the Eleventh Circuit. (*See* Doc. 33 at 6-7).

6

counsel "forced the case to trial without [his] having had sufficient ability to consult with [counsel] in reasonable degrees of rational [and factual] understanding." (*Id.* at 7). He claimed that he "did not understand what plea negotiations were; what was a trial; what the rejection of a plea bargain was; the offenses against him; their severity or what an attorney was appointed to [his] case for." (*Id.*). He noted that he had written trial counsel a letter in August 1994 explaining that he had "numerous psychological problems connected to heavy 'crack' cocaine use and alcohol abuse." (*Id.* at 6). He contended that had he understood his federal criminal proceedings, he "would have accepted a plea bargain offer from the government and pleaded guilty." (*Id.* at 7). He argued that trial counsel's deficiencies in failing to inquire into his mental competency deprived him of "an opportunity to accept a plea bargain offer made by the Government that [he] would have otherwise accepted." (*Id.* at 7-8). By way of relief, he sought an order that he be evaluated psychologically and that the government "provide *another* opportunity for [him] to accept a plea bargain offer." (*Id.* at 8 (emphasis added)).

This Court addressed Movant's ground one claim as follows:

> [Movant] asserts in his first ground for relief that his counsel's failure to request a psychological evaluation prior to trial violated his rights secured under the Fifth and Sixth Amendments to the Constitution.

7

> [He] asserts that he wrote his trial counsel [to inform him] that he had numerous psychological problems connected to use of crack cocaine and alcohol.
>
> [Movant] has merely alleged that he was not mentally competent to stand trial because of his alleged drug abuse. He has provided no further evidence in support of his incompetency claim. One self-serving statement absent any other evidence in support of a claim for incompetency is not sufficient to create a real, substantial and legitimate doubt as to a defendant's mental capacity. Thus, [Movant's] first ground for relief is without merit.

(Doc. 41 at 4-5).

Movant apparently contends that he raised two claims in ground one of his § 2255 motion—(1) his trial counsel provided ineffective assistance by not having him tested for competency and (2) he was unaware of the plea negotiations that occurred in the fall of 1994—and that this Court addressed only the first of these claims in denying the motion. After a review of the record, however, the Court finds nothing in Movant's § 2255 motion to suggest that he raised the latter claim; indeed, the wording of his ground one claim suggests just the opposite, i.e., that he *was* aware of the government's plea offer when he filed the motion. (*See* Doc. 34 at 8 (seeking an order that the government "provide *another* opportunity for Movant to accept a plea bargain offer" (emphasis added))). Movant's objections are therefore overruled; and the Court finds no error, plain or otherwise, in the remainder of the Report.

8

## IV. Conclusion

The Court **OVERRULES** Movant's objections to the Report (Doc. 105); **ADOPTS** the Magistrate Judge's Final Report and Recommendation (Doc. 103) as the Order of this Court; **DISMISSES** Movant's Motion to Amend (Doc. 101) as a second or successive § 2255 motion filed without leave from the Eleventh Circuit; and **DENIES** Movant a certificate of appealability.

**SO ORDERED** this  16th  day of April, 2015.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)