**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,       :<br>    Plaintiff,       :<br>                                 :<br>v.                               :<br>                                 :<br>TERRY J. COLLEY,                 :<br>BOP Reg. # 45043-019,            :<br>    Defendant.       : | CRIMINAL ACTION NO.<br>2:94-CR-7-RWS-JCF-1 |

**<u>MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION</u>**

Now before the Court are Defendant's Motion For The Court To Take Judicial Notice Of Proposed Settlement Agreement (Doc. 115) and Defendant's Motion For Nunc Pro Tunc Order (Doc. 116), seeking to vacate one or more of his three 18 U.S.C. § 924(c) convictions. In January 1995, Defendant was convicted of three counts of armed bank robbery and three counts of violating § 924(c) by using a firearm during each robbery. (Doc. 28; *see* Doc. 1). He received a 60-year term of imprisonment, including 45 years for the firearm offenses. (Doc. 31). His appeal was denied (Doc. 33); he filed a 28 U.S.C. § 2255 motion (Doc. 34), which was denied (Doc. 41); and he has filed subsequent pleadings that this Court has construed as second or successive § 2255 motions and dismissed for lack of jurisdiction, most recently in April 2015 (*see* Doc. 103 at 2-6; Doc. 112).

A federal prisoner in Defendant's position may seek review of his sentence in federal district court either by obtaining authorization from the appropriate court of appeals to file a second or successive 28 U.S.C. § 2255 motion, *see* § 2255(h), or by filing a 28 U.S.C. § 2241 habeas corpus petition, *see* § 2255(e).  But Defendant has not obtained the necessary authorization under § 2255(h) to file a second or successive motion to vacate his sentence.  Nor does he qualify to file a § 2241 habeas petition under the § 2255(e) savings clause, which requires at least that the challenge to his sentence rely upon a retroactively applicable decision of the Supreme Court of the United States, *see Bryant v. Coleman*, 738 F.3d 1253, 1274 (11th Cir. 2013), and Defendant's challenge does not.

In his two most recent motions (Docs. 115, 116), Defendant tries a different approach, relying on the outcome in *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), in which a defendant who committed three armed carjackings in 1994 received

> a 151-month prison term for [those offenses,] a mandatory 5 years for the first [§ 924(c) offense, and] a mandatory 20 for [each of the other two]. The statutory requirement that those terms be consecutive to each other and to the 151 months for the carjackings produced a total prison term of 57 years and 7 months.

*Id.* at 312-13.  Holloway's appeal was denied, as were his § 2255 motion and his

2

motion seeking leave from the United States Court of Appeals for the Second Circuit to file a second or successive § 2255 motion.  *Id.* at 313-14.

> In late 2012, Holloway filed a motion to reopen his § 2255 proceeding under Fed. R. Civ. P. 60(b). Recognizing that there were good reasons to revisit Holloway's excessive sentence *but no legal avenues or bases for vacating it*, [the district court] issued an order on February 25, 2013 . . . "respectfully request[ing] that the United States Attorney consider exercising her discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions."

*Id.* at 314 (emphasis added).  The United States Attorney at first declined, but the district court "asked [her] to reconsider exercising her discretion to agree to an order vacating two or more of Holloway's § 924(c) convictions so he could face a more just resentencing," and after being asked to reconsider, she agreed.  *Id.* at 314-15.  "Holloway's lawyer moved to vacate his convictions on two of the three § 924(c) convictions, and [they] . . . were vacated without opposition from the government."  *Id.* at 315.

> In the first of his two most recent motions, Defendant requested this Court
>
> to submit an order to the United States Attorney . . . to consider exercising [his] discretion to agree to an order to vacate two or more of [Defendant's] § 924(c) convictions . . . in order for [him] to face a more just sentence . . . .

(Doc. 115 at 4).  The Court complied with this request.  (Doc. 117 at 3).

3

In response, the United States Attorney notes that the United States Sentencing Commission "has proposed several different approaches to reforming the application of mandatory minimum sentences for firearm offenses, and a bill that would amend this statutory provision . . . was recently introduced in the House of Representatives." (Doc. 121 at 3 (citations omitted)).  Because "the government believes that it is appropriate to await the outcome of the legislative process before taking any action" on sentence-reduction requests such as Defendant's, "the United States Attorney for the Northern District of Georgia respectfully declines to exercise his discretion to agree to an order vacating one or more of Defendant's § 924(c) convictions at this time." (*Id.* at 3, 4).

Just as in *Holloway*, this Court may not grant Defendant's request to vacate one or more of his § 924(c) convictions without the United States Attorney's consent, which is being withheld at this time.  **IT IS THEREFORE RECOMMENDED** that Defendant's motions (Docs. 115, 116) seeking a reduction in his sentence be **DENIED**.

**SO RECOMMENDED** this 11th day of January, 2016.

/s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

4

AO 72A
(Rev.8/82)