# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| TERRY J. COLLEY, | : | CIVIL ACTION NO. |
| BOP Reg. # 45043-019, | : | 2:18-CV-57-RWS-JCF |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 2:94-CR-7-RWS-JCF-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant, a federal prisoner, has filed a 28 U.S.C. § 2255 motion to vacate his sentence (Doc. 140); a petition for a Writ of Error Coram Nobis (Doc. 143); and a Rule 60(b)(6) Motion for Relief (Doc. 144). Respondent has filed a Motion to Dismiss the § 2255 motion for lack of jurisdiction. (Doc. 145).

"On January 9, 1995, [Movant] was found guilty of three counts of armed bank robbery, three counts of using a firearm during a violent crime, and one count of bank robbery. . . . [T]his Court sentenced [him] to 720 months of imprisonment. His appeal was denied on February 26, 1997." (Doc. 82 at 2 (citations omitted)). Movant filed his original § 2255 motion in June 1998.[1] (Doc. 34). After it was denied (Doc. 41)

---

[1] Movant claimed: "Ineffective assistance of counsel regarding his failure to (1) request a psychological evaluation; (2) file a motion [to suppress]; (3) investigate the loss of physical evidence; (4) subpoena law enforcement officers who transported evidence that was los[t];

and Movant was denied a certificate of appealability ("COA") (Docs. 44, 47), he sought leave from the Eleventh Circuit to file a second or successive § 2255 motion. Leave to do so was denied in January 2005. (Doc. 48).

## I.     § 2255 Motion and Motion for Rule 60(b)(6) Relief

Movant now seeks § 2255 relief based on a recent decision by the Supreme Court of the United States, *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). (Doc. 140 at 4). He also seeks Rule 60(b)(6) relief based on his counsel's stipulation at trial that all four of the banks at issue were FDIC insured, a prerequisite to federal jurisdiction over his crimes. (Doc. 144).

But a federal prisoner whose prior § 2255 motion was denied on the merits may not pursue relief under § 2255 again in a federal district court without first obtaining authorization from the appropriate court of appeals. *See* 28 U.S.C. §§ 2244(b), 2255(h); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999) (noting that when prior habeas petition has been dismissed with prejudice, subsequent petition is second

---

(5) request a jury instruction regarding missing evidence; (6) file [a] motion for [a] Brady Violation of evidence previously ordered to be preserved by court order; (7) request a curative instruction or move for a mistrial after a government witness testified that [Movant] had [] threaten[ed him]; (8) object to government counsel vouching for the credibility of a witness []; (9) file a motion for a new trial and (10) object to introduction of oral statement allegedly made by defendant prior to trial." (Doc. 140 at 2).

2

or successive);[2] *see also Brown v. United States*, 569 Fed. Appx. 738, 738-39 (11th Cir. 2014) (affirming dismissal of federal prisoner's FED. R. CIV. P. 15(c) motion to amend his original § 2255 motion: "the district court correctly looked beyond the label attached to [the] motion and construed it as, in substance, a successive § 2255 motion because [the prisoner had] already filed five prior collateral attacks on his conviction [and] was attempting to raise substantive claims for relief from his sentence"); *Murphy v. United States*, 438 Fed. Appx. 818, 819-20 (11th Cir. 2011) (affirming dismissal of federal prisoner's "motion to reopen and amend his previously denied [§ 2255] motion to vacate . . . . because [the prisoner] had filed a previous § 2255 motion that had been dismissed on the merits and had not obtained authorization from [the Eleventh Circuit] to file a second or successive § 2255 motion" (internal quotations omitted)).

Likewise, when a Rule 60(b) motion attempts to raise a new substantive claim challenging a movant's judgment of conviction, the movant must first obtain leave from the Eleventh Circuit to do so because the Rule 60(b) motion is in effect a second

---

[2]*See Campbell v. Sec'y for the Dep't of Corr.*, 370 Fed. Appx. 5, 8 n.2 (11th Cir. 2010) (same).  For most purposes, including this one, courts in this Circuit apply the same standards to both § 2254 habeas petitions and § 2255 motions to vacate.  *See Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) (noting that "principles developed in habeas cases also apply to § 2255 motions"); *see also Galatolo v. United States*, 394 Fed. Appx. 670, 672 n.1 (11th Cir. 2010) (same, citing *Gay*).

3

or successive § 2255 motion.³ But there is no indication in the record that Movant has obtained the required authorization to file a second or successive § 2255 motion. Movant's latest § 2255 motion (Doc. 140) is successive; his motion for Rule 60(b)(6) relief (Doc. 144) is in fact another successive § 2255 motion; and both are to be dismissed for lack of jurisdiction. *See* 28 U.S.C. §§ 2244(b), 2255(h); *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

Finally, Movant's petition for a Writ of Error Coram Nobis (Doc. 143) — based on the Supreme Court's December 1995 change in the scope of 18 U.S.C. § 924(c), for whose violation Movant received three consecutive sentences totaling 45 years' imprisonment, *see Bailey v. United States*, 516 U.S. 137 (1995) — also fails.

---

³*See United States v. Barr*, 17-14037-B, 2018 U.S. App. LEXIS 13508, at *4-5 (11th Cir. May 22, 2018) (citations and internal quotations omitted):

> The district court properly dismissed Barr's Rule 60(b) motion for lack of jurisdiction, in part, as a successive § 2255 motion because her first § 2255 motion was dismissed as untimely, she did not obtain leave from [the Eleventh Circuit] to file a successive § 2255 motion, and her claims stated in the instant Rule 60(b) motion do not fit within the small subset of claims that are not successive. Furthermore, the district court properly determined that it lacked jurisdiction to consider Barr's Rule 60(b) motion regarding her underlying criminal judgment. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (holding that the district court lacked the subject matter jurisdiction necessary to provide Rule 60(b) relief because Rule 60(b) simply does not provide for relief in a criminal case).

> The All Writs Act, 28 U.S.C. § 1651(a), provides federal courts the authority to issue writs of error *coram nobis*. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). "A writ of error *coram nobis* is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). Conversely, where a petitioner is still "in custody," he is not entitled to *coram nobis* relief. *United States v. Garcia*, 181 F.3d 1274, 1274 (11th Cir. 1999). The Supreme Court has held that where a prisoner is serving consecutive sentences, he is considered "in custody" under each sentence. *Garlotte v. Fordice*, 515 U.S. 39, 41 (1995).

*United States v. Rahim*, 710 Fed. Appx. 428, 429-30 (11th Cir. 2018) (affirming denial of petition for writ of error *coram nobis*). Movant is still serving consecutive sentences for his four bank robbery and three firearms offenses, and therefore he is not eligible for *coram nobis* relief.

### III.  Certificate Of Appealability

A federal prisoner must obtain a COA before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Movant has not made the requisite showing, a certificate of appealability should not issue in this matter.

5

## IV.   Conclusion

**IT IS RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 145) be **GRANTED**; that Movant's successive § 2255 motion (Doc. 140) and his Motion for Rule 60(b)(6) Relief (Doc. 144), construed as a successive motion to vacate his sentence, each filed without leave from the Eleventh Circuit, be **DISMISSED** for lack of jurisdiction; that Movant's petition for a Writ of Error Coram Nobis (Doc. 143) be **DENIED**; and that Movant be **DENIED** a certificate of appealability to appeal the denial of his § 2255 and Rule 60(b)(6) motions.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 5th day of July, 2018.

    /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

AO 72A
(Rev.8/82)