FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

AUG 08 2018

JAMES N. HATTEN, Clerk
By:  Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| TERRY J. COLLEY, | : | CIVIL ACTION NO. |
| BOP Reg. # 45043-019, | : | 2:18-CV-57-RWS-JCF |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 2:94-CR-7-RWS-JCF-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
| Respondent. | : | 28 U.S.C. § 2255 |

## ORDER

This matter is before the Court on the Final Report and Recommendation ("R&R") of Magistrate Judge J. Clay Fuller (Doc. 146), recommending that Respondent's motion to dismiss (Doc. 145) be granted; that Movant's 28 U.S.C. § 2255 motion (Doc. 140) and his FED. R. CIV. P. 60(b)(6) motion (Doc. 144), properly construed as a § 2255 motion, be dismissed for lack of subject matter jurisdiction because Movant has not obtained leave from the Eleventh Circuit to file a second or successive § 2255 motion; and that Movant's motion for *coram nobis* relief (Doc. 143) be denied because Movant is still in custody. Movant has not filed objections, but instead has filed a Motion for an Evidentiary Hearing. (Doc. 149). The Court construes the motion as Movant's objections to the R&R.

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Plaintiff objects and has reviewed the remainder of the R&R for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

In his motion for an evidentiary hearing, Movant "requests that the honorable court take judicial notice of the records and files in this case, as well as the December 5, 1995, Supreme Court decision in Bailey v. United States, 516 U.S. 137 (1995),"

based on his trial and appellate counsel's abandonment of the *Bailey* issue, despite Movant's repeated requests that counsel raise it, with the result that he "clearly stands convicted of a 1994 § 924(c) statu[t]e that was struck down by the Supreme Court in 1995." (Doc. 149 at 4). But on July 6, 2018, the Eleventh Circuit denied Movant's application for leave to file a second or successive § 2255 motion based on the *Bailey* issue, noting that *Bailey* "was decided in 1995, three years before [Movant] filed his original § 2255 motion in 1998. Thus, *Bailey* is not a new rule of constitutional law as to [Movant], as it, and any claim that it invalidated his § 924(c) conviction, was available to him during his original § 2255 proceedings." (Doc. 148 at 2 (citation omitted)).[1]

## CONCLUSION

For the foregoing reasons, Movant's motion for an evidentiary hearing (Doc. 149) is **DENIED**. Finding no error, plain or otherwise, in the R&R, the Court **ADOPTS** the Magistrate Judge's Final Report and Recommendation (Doc. 146) as the Opinion and Order of this Court. Respondent's motion to dismiss (Doc. 145) is

---

[1] Movant also has filed a belated response to Respondent's motion to dismiss, discussing the effect of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), on his convictions. (Doc. 150). But his arguments therein are beside the point. Unless Movant obtains leave from the Eleventh Circuit to file a second or successive § 2255 motion, this Court may not consider the merits of any of his newly proposed § 2255 claims.

**GRANTED**; Movant's 28 U.S.C. § 2255 motion (Doc. 140) and motion for Rule 60(b)(6) relief (Doc. 144), properly construed as a § 2255 motion, are **DISMISSED** for lack of subject matter jurisdiction; and Movant's motion for *coram nobis* relief (Doc. 143) is **DENIED**.

Because the Court lacks jurisdiction over Movant's § 2255 motion, Movant may appeal the order dismissing his motion without obtaining a certificate of appealability. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (holding that a certificate of appealability is not necessary to appeal an order dismissing a second or successive habeas petition for lack of jurisdiction).

**SO ORDERED** this 7th day of August, 2018.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)